Jewett *v.* Banning.

## Jewett *vs.* Banning.

In an action for an assault and battery it appeared on the trial that, in Nov. 1852, the plaintiff's arm was considerably injured, and she claimed that the injury was caused by the defendant violently seizing her arm and wrenching it. There was no direct and positive evidence that the injury was occasioned by the defendant. Two witnesses, T. and J., testified that shortly after the plaintiff's arm was injured they heard her charge the defendant with having injured it, and that they did not hear the defendant deny the charge. W. and S. gave evidence tending to show that about an hour before this the plaintiff made substantially the same charge, which the defendant denied. The evidence was such that the jury would have been justified in finding that there was an interval of an hour between the two conversations, and that they took place on different occasions. The judge instructed the jury that if the plaintiff charged the defendant with having committed the assault, and the latter at the same time denied it, then it furnished no evidence against him; but if he remained silent when so charged, the jury might regard it as an admission that he was guilty, or give it such weight as they might think it entitled to. That they would not, probably,

conclude that the defendant, after he had once emphatically denied the accusation, on that occasion, was called upon to deny it again if the accusation was repeated. He however left it to the jury to give such weight to the defendant's silence, when the charge was repeated, as they thought it entitled to, under the rules which had been stated by him, as to the effect of remaining silent. *Held,* that the charge was not erroneous; and a verdict in favor of the plaintiff was sustained.

*Held, also,* that although the charge made by the plaintiff against the defendant furnished no evidence of the guilt of the latter, provided it was promptly denied at the time, such denial was not an absolute shield to the defendant for all subsequent occasions when the charge should be repeated.

In such a case the effect of the defendant's conduct, when the charge is repeated, is a proper subject for the consideration of the jury, as a circumstance of more or less weight, depending among other things, upon the length of the interval between the denial of the charge and a subsequent time when the defendant remained silent under the charge.

APPEAL from an order made at a special term, granting a new trial. The action was for an assault and battery alleged to have been committed by the defendant upon the plaintiff. The plaintiff recovered a verdict, at the Monroe circuit, which was set aside at a special term held in the county of Yates in November, 1855.

*E. A. Hopkins,* for the appellant.

*H. R. Selden,* for the respondent.

*By the Court,* WELLES, J. As we are satisfied with the views of the learned justice who held the special term, on all the points excepting the one upon which the new trial was granted, it will be unnecessary to consider any except the latter.

Upon the trial it appeared that in November, 1852, the plaintiff's arm was considerably injured, which she claimed was done by the defendant violently seizing and wrenching it. There was no direct and positive evidence that the injury was occasioned by the defendant. Josiah Trip, a witness for the plaintiff, testified, among other things, that shortly after the plaintiff's arm was injured he heard her charge the defendant with having injured her arm. This charge was in the pres-

Jewett *v.* Banning.

ence of the defendant and several other persons. The witness stated that he did not hear the defendant make any reply to this charge. John Jewett, another witness introduced by the plaintiff, was present on the occasion testified to by Trip, and did not hear the defendant deny the charge. There was evidence, by the defendant's witnesses Warner and Spencer, tending to show that about an hour before this, on the same day, and when the witnesses Trip and Jewett were not present, the plaintiff made substantially the same charge, which the defendant denied. There was a good deal of evidence given on both sides, but this is sufficient to enable us to appreciate the charge of the judge upon the question under consideration.

The judge, among other things, instructed the jury that if the plaintiff charged the defendant with committing the assault, and he at the same time denied it, then it furnished no evidence against him; but if he remained silent when so charged, the jury might regard it as an admission that he was guilty, or give it such weight as they might think it entitled to. That the jury were to determine. That there was some doubt from the evidence, perhaps, whether the charge, after it had been once made and denied, was repeated on the occasion, and if it was repeated, whether the defendant then remained silent. The judge here explained the nature and principles of such evidence. He stated to the jury, on this part of the case, that they would not probably conclude that the defendant, after he had once emphatically denied the accusation on that occasion, was called upon to deny it again, if the accusation was repeated; but would leave it to the jury to give such weight to his silence when the charge was repeated, if it was repeated, as they thought it entitled to, under the rules which had been stated, as to the effect of remaining silent. It was upon an exception to this part of the charge that the new trial was granted. Upon a fair view of the charge in this respect, we are unable to perceive that any rule of law has been violated. The evidence was all confessedly admissible; first, by the witnesses Trip and Jewett, that the defendant, when charged with having committed the assault, remained silent; and then, by the wit-

nesses Warner and Spencer, that when they heard the charge made, it was denied by the defendant. The only question is upon the way it was submitted to the jury by the justice. They were told by him that if the plaintiff charged the defendant with having committed the assault, and he at the same time denied it, then it furnished no evidence against him; but if he remained silent when so charged, the jury might regard it as an admission that he was guilty, or give it such weight as they might think it entitled to. So.far, the defendant has no reason to complain. It was the ordinary application of the maxim, *qui tacet consentire videtur.* The complaint which the defendant makes of the judge's charge in this connection is, that, as his counsel claims, the jury were instructed that although they should believe, from the evidence, that when the plaintiff first charged the defendant with committing the assault upon her he denied it, yet if they also believed that immediately afterwards, and on the same occasion, the charge was repeated and the defendant remained silent, they were at liberty to interpret such silence as evidence of his guilt. The judge did not say this, nor do I think that what he did say can be thus construed. On the contrary, he told the jury that they would not probably conclude that the defendant, after he had once emphatically denied the accusation, on that occasion, was called upon to deny it again if the accusation was repeated. The judge, however, left it to the jury to give such weight to the defendant's silence, when the charge was repeated, if it was repeated, as they thought it entitled to, under the rules which had been stated as to the effect of remaining silent. The case does not profess to give the whole of the judge's charge, nor was any request made that he should present any other or further view of the case. When, as the case states, he explained the nature and principles of such evidence, it is to be intended that such explanation was correct and in accordance with the law; and it is with reference to such explanation, together with what immediately followed, that the concluding sentence of the charge is to be understood.

The jury would have been justified by the evidence in finding that there was an interval of an hour between the conversation

Jewett *v.* Banning.

testified to by the witnesses Trip and Jewett, and the one to which Warner and Spencer refer, and that they were at different interviews and on different occasions. If the jury might have so found, the defendant has no ground to complain of the charge. If he thought the judge had not been sufficiently explicit in his instructions, on the supposition that the evidence of the witnesses for the defendant, and of those for the plaintiff, referred to the same conversation, he should have directed the judge's attention to the subject, and requested him to instruct the jury as to the effect of the denial of the charge upon such supposition. This, however, could hardly have been necessary, as the judge had been as explicit in that respect as the defendant could have desired.

While it is undoubtedly true, as the jury in this case were instructed, that the charge made by the plaintiff against the defendant furnished no evidence of the guilt of the latter, provided it was promptly denied at the time, it does not follow, nor, as I think, can it be maintained, that such denial is an absolute shield to the defendant for all subsequent occasions when the charge should be repeated. In such case, the effect of the defendant's conduct when the charge is repeated, is a proper subject for the consideration of the jury, as a circumstance of more or less weight, depending, among other things, upon the length of the interval between the accusation when he denied the charge, and a subsequent one, when he remained silent under it.

Upon the whole, we think the order of the spcial term granting a new trial should be reversed, and that the plaintiff should have judgment upon the verdict.

Ordered accordingly.

[CAYUGA GENERAL TERM, June 2, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]